# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Criminal Case No. 07-cr-00133-LTB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FREDERICK W. MURPHY,

      Defendant.

___

# MEMORANDUM OPINION AND ORDER
___

Babcock, J.,

      This criminal case is before me on Defendant, Frederick W. Murphy's, Notice of Intent to Introduce Expert Evidence Pursuant to FED. R. CRIM. P. 12.2(b) [**Docket # 37**] and supporting Brief [**Docket # 39**]; the Government's Response [**Docket # 46**]; and Defendant's Reply [**Docket # 48**]. Oral argument would not materially assist in the determination of these motions. After consideration of the papers and the case file, I hold that expert testimony of Defendant's PTSD or other mental disease is inadmissible at trial for purposes of negating *mens rea* or the voluntariness of Defendant's allegedly criminal actions. This order does not address the voluntariness of Defendant's confession, *Miranda* waiver, and other statements.

## I. BACKGROUND

      On March 15, 2007, Defendant boarded a plane in New York bound for Los Angeles. At some point during the flight, Defendant allegedly acted in an irrational, agitated, and aggressive manner that interfered with the flight attendants' duties. After an emergency landing in Denver,

Defendant was taken into custody. The Grand Jury indicted Defendant on March 27, 2007, on one count of intimidating two flight attendants and thereby interfering with and lessening their ability to perform their duties, in violation of 49 U.S.C. § 46504.

Defendant states he is a Vietnam War veteran with severe post-traumatic stress disorder ("PTSD") that causes him to relive his combat experiences in flashbacks. He claims to have little or no recollection of the events occurring after he boarded the March 15, 2007, flight. Pursuant to FED R. CRIM. P. 12.2(b), Defendant filed notice of his intent to introduce expert evidence relating to his PTSD. According to Defendant's brief, these experts will testify Defendant—when in a PTSD-induced dissociative state—loses rational and voluntary control of his behavior, and that it is likely Defendant was in such a state during the March 15, 2007, flight. Defendant asserts he lacked the mental capacity to perform the crime in question—intimidation of a flight attendant—and that his actions were involuntary or automatic.

## II. THE DIMINISHED MENTAL CAPACITY DEFENSE

Evidence of diminished mental capacity is admissible under two conditions. *United States v. Jackson*, 8 F. Supp. 2d 1239, 1241 (D. Colo. 1998). First, such evidence may negate the *mens rea* of a "specific intent" crime, but not the *mens rea* of a "general intent" crime. *Id.* Second, expert testimony is limited to a diagnosis, the facts upon which the diagnosis is based, and the characteristics of any mental disease or defect from which a defendant suffered during the relevant time period. *Id.* Experts may not opine directly or indirectly on the ultimate issue of "specific intent." *Id.* As I hold 49 U.S.C. § 46504 is a general intent crime—both as written and as charged in the indictment—I need not address the second condition.

### A. General intent and specific intent

A specific intent crime is one in which an act is committed voluntarily and purposely with the specific intent to do something the law forbids. *United States v. Blair*, 54 F.3d 639, 642 (10th Cir. 1995). "In short, a specific intent crime is one in which the defendant acts not only with knowledge of what he is doing, but does so with the objective of completing some unlawful act." *Id*. In contrast, a general intent crime is one in which an act is done voluntarily and intentionally, and not because of mistake or accident. *Id*. A general intent crime does not require knowledge or appreciation of the wrongfulness of the act. *Id*.

### B. 49 U.S.C. § 46504—Interference

Defendant is charged with a violation of 49 U.S.C. § 46504: "An individual . . . who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both." The elements of the offense of intimidation in violation of § 46504 are: the defendant (1) was on an aircraft in the special aircraft jurisdiction of the United States; (2) intimidated a flight attendant or flight crew member; and (3) in doing so, interfered with the ability of the flight attendant or flight crew member to perform his duties. *United States v. Naghani*, 361 F.3d 1255, 1262 (9th Cir. 2004).

The one appellate case addressing the intent requirement of § 46504 holds the statute requires only a general intent to interfere. *United States v. Grossman*, 131 F.3d 1449, 1451 (11th Cir. 1997). I agree. No specific intent element is apparent on the face of the statute. *Id*. In the absence of an explicit statement that a crime requires specific intent, courts assume a statute

requires only general intent. *See United States v. Lewis*, 780 F.2d 1140, 1142–43 (4th Cir. 1986). If Congress had intended the statute to require specific intent to interfere with the performance of the duties of a flight crew, "the statute would have said 'with the intent to' interfere." *Grossman*, 131 F.3d at 1452. Moreover, construing the statute as not requiring a specific intent to interfere is in harmony with the compelling statutory purpose of ensuring "passengers do not impede airline crew members' duties, many of which are critical to the safe operation of the aircraft." *Id.*; *United States v. Hicks*, 980 F.2d 963, 974 (5th Cir. 1992) (discussing the precursor to § 46504—49 U.S.C. § 1472). "Whether a passenger specifically intends to interfere with those duties is irrelevant." *Hicks*, 980 F.2d at 974.

Although there is no Tenth Circuit precedent directly on point, I am persuaded these other circuits have properly interpreted the statute. Under the sentencing guidelines, the base offense level for a § 46504 violation is nine. *See* U.S.S.G. § 2A5.2. For conduct that amounts to recklessly endangering an airplane, however, the sentencing guidelines include a nine-level enhancement. This implies the statute anticipates punishment for conduct amounting to less than recklessness—a standard the Tenth Circuit considers to be the threshold for general intent crimes, not specific intent crimes. *See United States v. Zunie*, 444 F.3d 1230, 1244–45 (10th Cir. 2006); *see also* BLACK'S LAW DICTIONARY 813 (7th ed. 1999) ("General intent usually takes the form of recklessness (involving actual awareness of a risk and the culpable taking of that risk) or negligence (involving blameworthy inadvertence).").

### C. 49 U.S.C. § 46504—Intimidation

Defendant argues that despite requiring only general intent in regards to interference, the statute requires specific intent to intimidate. A footnote in *Hicks* provides arguable support: "The

statute requires intent for the intimidation element of the statute; the statute merely requires no *mens rea* for the result of the intimidation, i.e., causing interference with crew members' duties. The gravamen of the offense—for which intent is required—is intimidation, not interference." *Hicks*, *supra*, 980 F.2d at 974 n.16. *Hicks*, however, construed an instruction given by the district court that defined the range of punishable intent to "knowingly" intimidating crew members. *Id*. at 973. ("We observe that the court's charge essentially tracked the language of the statute, with the exception of requiring that the jurors find that appellants 'knowingly' intimidated the crew members. . . . As the charge read, it only required a specific intent to intimidate, not a specific intent to interfere."). As the Fifth Circuit noted, the district court added the "knowing" element to the intimidation charge even though it was not required by the statute. *See id*. Nonetheless, as the jury still convicted the defendant, the Fifth Circuit found no error.

The Fifth Circuit's footnote notwithstanding, no court considering the type of conduct that constitutes intimidation has determined that such conduct is dependent on the subjective mental state of the defendant. It is common knowledge that a person may intimidate another without intentionally making a direct or even veiled threat. *See Hicks*, *supra*, 980 F.2d at 973. By simply using the term "intimidate," Congress intended that any act that "would place an ordinary, reasonable person in fear" is sufficient, even if such act was not done with the intent to threaten the flight crew. *See id*. at 972–73. Thus, although a defendant "internally did not intend to injure or scare anybody" his conduct nonetheless may amount to intimidation if it creates "a reasonable basis in the minds of those around [him] that they were at risk from him." *United States v. Gilady*, 62 F. App'x 481, 483 (4th Cir. 2003) (upholding the ruling of the district court). "In order to prove intimidation within the meaning of § 46504, 'it is sufficient that the conduct

and words of the accused would place an ordinary, reasonable person in fear.'" *Id*. at 484 (quoting *United States v. Meeker*, 527 F.2d 12, 15 (9th Cir. 1975) (interpreting § 1472)).

By focusing on the reasonableness of the flight crew's feeling of intimidation, courts have construed intimidation in much the same way as federal criminal assault, wherein the creation of a reasonable apprehension of bodily harm will suffice. *See, e.g., United States v. Gauvin*, 173 F.3d 798, 802 (10th Cir. 1999); *United States v. Osborne*, 164 F.3d 434, 439 (8th Cir. 1999); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982). Criminal assault is a general intent crime. *See Zunie*, *supra*, 444 F.3d at 1233. Accordingly, I agree with the Government that § 46504—both in regards to the intimidation and interference elements—is a general intent crime for which expert witness testimony is irrelevant and inadmissible to show intent. *See Jackson*, *supra*, 8 F. Supp. 2d at 1241.

### III. VOLUNTARINESS AND DUE PROCESS

Having determined § 46504 requires only a general intent to intimidate, I now turn to the question whether Defendant may introduce expert testimony evidence relating to his PTSD to support his argument that his actions were involuntary. Even a general intent crime requires the predicate act be done voluntarily. *Zunie*, *supra*, 444 F.3d at 1234. Defendant, however, points me to no applicable case law—nor can I find any—allowing introduction of expert testimony of mental illness speaking to the issue of voluntariness where such testimony is otherwise barred as to the issue of intent. The proffered cases all involve crimes of specific intent. It is difficult to imagine a proper use of expert testimony here in light of the Tenth Circuit's recognition that the admission of such "psychiatric evidence would be misleading" when the charged crime requires only general intent. *See United States v. Brown*, 326 F.3d 1143, 1147 n.2 (10th Cir. 2003) ("The

use of psychological or psychiatric evidence to negate an element of the government's case is limited to offenses requiring proof of a specific intent.").

"While the Constitution prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Clark v. Arizona*, 126 S. Ct. 2709, 2731–32, 2734–35 (2006) (discussing the high potential of psychiatric evidence to mislead jurors). No violation of due process occurs where—as here—a judge denies a defendant's request to introduce expert evidence of his mental disease at trial when such evidence would lead to confusion and misunderstanding on the part of jurors and when such evidence will not negate an element of the Government's case. *Id*. at 2737; *Brown*, *supra*, 326 F.3d at 1147 n.2.

## IV. CONCLUSION

Accordingly, I ORDER that expert testimony evidence regarding Defendant's PTSD or other mental disease is inadmissible to negate the *mens rea* element of 49 U.S.C. § 46504 or to show his alleged actions in intimidating and interfering with the flight crew were not voluntary.

Dated: January  15 , 2008.

                                             BY THE COURT:

                                             s/Lewis T. Babcock
                                             LEWIS T. BABCOCK, JUDGE