# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Criminal Case No. 07-cr-00133-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      FREDERICK W. MURPHY,

        Defendant.
_____

## ORDER
_____

        The Grand Jury indicted Defendant, Frederick W. Murphy, on March 27, 2007, on one count of interfering with the performance of a flight crew, in violation of 29 U.S.C. § 46504. The indictment arose out of an incident on Continental Airlines Flight 17 out of Newark, New Jersey, on March 15, 2007. In short, Defendant is alleged to have behaved in a threatening manner toward the flight crew such that the Captain felt it was necessary to divert the plane to Denver International Airport and have Defendant removed from the plane. Defendant states he is a Vietnam War veteran with severe Post-Traumatic Stress Disorder ("PTSD") that causes him to relive his combat experiences in flashbacks and that he was under the influence of such a PTSD episode when he caused the disturbance on March 15, 2007.

        Upon his removal from the plane, Defendant was arrested and eventually interrogated by Agent Eicher of the Federal Bureau of Investigation. Agent Eicher gave Defendant his *Miranda* warnings, and Defendant waived his *Miranda* rights in writing. Defendant then gave an allegedly incriminating statement to Agent Eicher.

Defendant filed a Motion to Suppress Statements **[Docket # 44]** on December 4, 2007, seeking to suppress the statements he made to Agent Eicher on March 15, 2007. A hearing on Defendant's motion was held July 18, 2008. At the conclusion of that hearing, I issued detailed findings of facts and conclusions of law, which I include by reference here. I found and concluded that—although evidence may exist showing Defendant was in a PTSD-related dissociative state at the time he caused the disturbance on Flight 17—no evidence was presented showing Defendant was not in full possession of his faculties at the time he waived his *Miranda* rights. Considering the testimony of the paramedic who examined Defendant in the holding cell, the police officer who arrested Defendant at the gate, and Agent Eicher—all of which indicated Defendant was alert, oriented, and aware of time and place immediately prior to and during his confession—I concluded that the totality of the circumstances showed Defendant waived his *Miranda* rights voluntarily, knowingly, and intelligently.

Accordingly, Defendant's Motion to Suppress Statements [**Docket # 44**] is DENIED.

Dated: July   21  , 2008.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge