IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 07-cr-00133-LTB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

FREDERICK W. MURPHY,

   Defendant.
_____

# ORDER
_____

   This criminal case is before me on Defendant, Frederick W. Murphy's, Motion for Reconsideration of Order Denying Mental Health Defense and Addressing Admissibility of Evidence of Mr. Murphy's Combat-Related PTSD for Other Purposes [**Docket # 77**], and the Government's Response [**Docket # 80**]. Oral argument would not materially assist in the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, Defendant's motion [**Docket # 77**] is DENIED in part and HELD IN ABEYANCE in part as follows.

## I. BACKGROUND

   On March 15, 2007, Defendant boarded a plane in New York bound for Los Angeles. At some point during the flight, Defendant allegedly acted in an irrational, agitated, and aggressive manner that interfered with the flight attendants' duties. After an emergency landing in Denver, Defendant was taken into custody. The Grand Jury indicted Defendant on March 27, 2007, on

one count of intimidating two flight attendants and thereby interfering with and lessening their ability to perform their duties, in violation of 49 U.S.C. § 46504.

Defendant states he is a Vietnam War veteran with severe post-traumatic stress disorder ("PTSD") that causes him to relive his combat experiences in flashbacks. He claims to have little or no recollection of the events occurring after he boarded the March 15, 2007, flight. Pursuant to FED R. CRIM. P. 12.2(b), Defendant filed notice of his intent to introduce expert evidence relating to his PTSD. Defendant claimed experts would testify that—when in a PTSD-induced dissociative state—he loses rational and voluntary control of his behavior, and that it is likely he was in such a state during the March 15, 2007, flight. Defendant asserted he lacked the mental capacity to perform the crime in question—intimidation of a flight attendant—and that his actions were involuntary or automatic. On January 15, 2008, I held that expert testimony regarding Defendant's PTSD or other mental disease would be inadmissible at trial for purposes of negating either *mens rea* or the voluntariness of Defendant's allegedly criminal actions [**Docket # 51**]. Defendant now requests I reconsider the January 15, 2008, Order, and further requests he be allowed to introduce evidence of his PTSD for purposes of showing involuntary intoxication and memory loss.

## II. MOTION TO RECONSIDER

Motions to reconsider evidentiary rulings in criminal matters—while rare—should be evaluated under the standards developed in civil cases. *See United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999). Under the Federal Rules of Civil Procedure, a motion to reconsider filed within ten days of the relevant ruling will fall under Rule 59(e), while a motion filed after that time—as here—will fall under Rule 60(b). *See Van Skiver v. United States*, 952

F.2d 1241, 1243 (10th Cir. 1991). Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As Defendant presents no "extraordinary circumstances" here, reconsideration of the January 15, 2008, Order under Rule 60(b) is denied.

Even under the arguably more lenient standard of Rule 59(e), reconsideration is inappropriate. Under Rule 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unattainable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, *supra*, 204 F.3d at1012. Defendant presents no argument that there has been a change in the controlling law. Accordingly, to obtain the relief he seeks, Defendant must either show the existence of new evidence, or show clear error or manifest injustice in the July 7, 2008, Order. *See Mantle Ranches Inc. v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997). Although evidence on Defendant's mental state was presented at a hearing in this case on July 18, 2008, this evidence tends to undercut rather than bolster Defendant's present argument, and does not amount to a "significant change or development in the . . . facts since the submission of the issues to the court." *See Gregg v. Am. Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991). In addition, Defendant's legal argument—that excluding evidence of his PTSD would deny him the constitutional right to present a complete defense—was previously considered and rejected in the January 15, 2008, Order. Accordingly, to the extent Defendant

seeks reconsideration of the January 15, 2008, Order, the motion is denied. *See id*. (holding a Rule 59(e) motion is only appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court").

## III. INVOLUNTARY INTOXICATION

Defendant next moves to allow the admission of evidence of his PTSD for purposes of showing involuntary intoxication. Although not denying that his alcohol intoxication—which was testified to at length during the July 18, 2008, hearing—was voluntary, Defendant argues his PTSD caused him to involuntarily ingest his prescription medications in excess of their prescribed doses during the flight. I previously held in the January 15, 2008, Order that—due to the likelihood of confusion to the jurors—Defendant may not present evidence of his PTSD for purposes of establishing the voluntariness of his actions. Such a concern is equally relevant here, and—in light of the voluntary nature of Defendant's alcohol intoxication—is even more heightened. Accordingly, Defendant's request to admit such evidence for purposes of showing involuntary intoxication is likewise denied.

## IV. MEMORY LOSS

Finally, Defendant moves to allow the admission of evidence of his PTSD for purposes of explaining his lack of memory of the incident, should he choose to testify at trial. Defendant cites no authority for his motion in this regard, and such a motion does not appear to fall under the "insanity defense" rubric of FED. R. CRIM. P. 12.2. While it is unlikely such evidence would be admissible in light of the concerns raised above, such a motion is premature at this point

because Defendant has not yet testified—and therefore has not been impeached by his lack of memory. Accordingly, Defendant's request to admit evidence of his PTSD to rehabilitate his credibility—to the extent his memory loss impeaches the same—is held in abeyance pending suitability for consideration at trial.

## V. CONCLUSION

Accordingly, Defendant's Motion for Reconsideration of Order Denying Mental Health Defense and Addressing Admissibility of Evidence of Mr. Murphy's Combat-Related PTSD for Other Purposes [**Docket # 77**] is DENIED in part and HELD IN ABEYANCE in part as follows:

1. To the extent Defendant seeks reconsideration of the January 15, 2008, Order, the motion is DENIED;

2. To the extent Defendant requests he be allowed to admit evidence of his PTSD for purposes of showing involuntary intoxication, the motion is DENIED;

3. To the extent Defendant requests he be allowed to admit evidence of his PTSD for purposes of rehabilitating his credibility—provided his allegedly PTSD-related memory loss impeaches the same—the motion is HELD IN ABEYANCE pending suitability for consideration at trial.

Dated: October __22__, 2008.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE